NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLORIA PAREDES RUIZ, | No. 20-15286 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00180-BAM |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Argued and Submitted January 11, 2021
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and RESTANI,[**] Judge.

Gloria Paredes Ruiz (Ruiz) appeals the judgment affirming the decision of

an administrative law judge (ALJ) denying her application for Supplemental

Security Income. We reverse and remand for further proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291. The court reviews a district court's order upholding the Social Security Commissioner's (Commissioner) denial of benefits de novo and reverses only if the decision is not supported by substantial evidence or contains legal error. *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir. 2014). The court is "constrained to review the reasons the ALJ asserts" and "cannot rely on independent findings of the district court." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citation and internal quotation marks omitted).

Once a claimant establishes that she has a severe impairment that prevents her from performing past relevant work, the ALJ must make a determination that she can perform some type of substantial gainful activity that "exist[s] in significant numbers in the national economy" to find her not disabled. 20 C.F.R. §§ 404.1560(c), 416.960(c); *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). An ALJ can make this determination by taking into account testimony from a vocational expert (VE) regarding the claimant's capacity, but the ALJ must "identify the types of jobs [the claimant can] perform notwithstanding [the impairments] . . . . [and] ascertain whether those kinds of jobs exist[] in significant numbers in the national economy." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (citations and internal quotation marks omitted). We give great deference to an ALJ's decision to rely on VE testimony because "the ALJ [is] in

2

the best position to evaluate and resolve any conflicting evidence concerning the number of jobs in relevant occupations[.]" *Shaibi v. Berryhill*, 883 F.3d 1102, 1110 (9th Cir. 2017).

At the administrative hearing, the ALJ heard testimony from a VE regarding Ruiz's past work and vocational capacity to perform other jobs. The ALJ concluded that Ruiz could not perform past work, but that she was capable of performing jobs requiring frequent hand use—counter attendant, cafeteria attendant and sales attendant—and that these jobs exist in significant numbers in the national economy. The parties agree with the district court's holding that this conclusion was error. The district court concluded that the error was harmless, reasoning that the VE's testimony regarding occupations for individuals who could use their hands occasionally still supported the ALJ's ultimate nondisability determination.

The error is not harmless. The court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout*, 454 F.3d at 1054 (citations and internal quotation marks omitted). An ALJ's silent disregard of evidence provides the court "nothing to review to determine whether the error materially impacted the ALJ's ultimate decision" and therefore, whether the error was harmless. *Stout*, 454 F.3d at 1056; *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884–85 (9th Cir. 2006) (declining to affirm the ALJ

decision because it lacked specific findings and reasoning, leaving the court no meaningful explanation with which to assess its legitimacy). Where the Commissioner seeks dismissal of an ALJ's error as harmless and "invites this Court to affirm the denial of benefits on a ground not invoked by the Commissioner in denying the benefits originally, then we must decline." *Stout*, 454 F.3d at 1054 (citation and internal quotation marks omitted).

The ALJ did not make any factual finding regarding Ruiz's ability to perform jobs that exist in a significant number, while using her hands occasionally. Although the VE provided testimony that an individual with the same vocational profile as Ruiz who was limited to occasional hand use could hypothetically perform three jobs—counter clerk, page, and bakery worker—that testimony was not credited by the ALJ. The ALJ did not mention this testimony, accorded it no weight, and made no factual finding as to Ruiz's ability to perform this work with occasional use of her hands. Accordingly, the district court erred in concluding the ALJ's error was harmless because in doing so it affirmed the Commissioner's denial on a basis that the ALJ had not relied on. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (stating that "a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency.").

4

The district court shall remand this case to the ALJ for further proceedings consistent with this disposition.

**REVERSED AND REMANDED.**